IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KONIKOWSKI and,<br>TARA KONIKOWSKI,<br>husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALTY RETAILERS, INC. and<br>MAVERICK COMPANIES, INC. and<br>SUNRISE OF MYRTLE BEACH,<br>INC. D/B/A SUNRISE CARPETS,<br><br>Defendants. | CIVIL ACTION NO. 3:15-cv-02001<br><br>(SAPORITO, M.J.) |

## **MEMORANDUM**

This diversity action is before us on the motion for reconsideration (Doc. 66) filed by the defendant, Specialty Retailers, Inc. ("Specialty Retailers"). Specialty Retailers seeks reconsideration of our order (Doc. 64) denying its motion for summary judgment. (Doc. 56). For the reasons set forth herein we will grant the motion for reconsideration.

## *I. Background*

As we write solely for the parties, we incorporate our recitation of the facts set forth in our memorandum dated September 26, 2018. (Doc. 63). In its motion for reconsideration, Specialty Retailers contends that

we erred as a matter of law by applying the wrong substantive legal standard to this case. As the motion for reconsideration has been fully briefed and argued, it is ripe for disposition.

## II. Legal Standard

The denial of a motion for summary judgment is an interlocutory order. *Bines v. Kulaylat*, 215 F.3d 381, 384 (3d Cir. 2000); *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp 3d 702, 717 (M.D. Pa. 2014). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys.*, 12 F. Supp. 3d at 717 (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp 3d 292, 295 (M.D. 2016). Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999)). "Instead, the court may

permit reconsideration whenever "consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.,* 412 F. Supp 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.,* 12 F. Supp. 3d at 717 (citing *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir. 1973)).

### *III. Discussion*

Specialty Retailers bases its motion for reconsideration on the ground that there is a need to correct a clear error of law. Although "[w]e may or may not have committed clear error, . . . that is not the standard we apply to a challenge to an interlocutory order." *St. Mary's Water Auth.*, 472 F. Supp 2d at 632 n.2. Nevertheless, in light of the newly identified authority presented by Specialty Retailers in their Rule 54(b) motion papers, we find reconsideration of our prior order denying summary judgment to be "consonant with justice."

In its motion papers, Specialty Retailers specifies that it "is not seeking indemnification for a judgment or settlement." (Doc. 73, at 3). Rather it is seeking payment for attorneys' fees and costs under Maverick's duty to defend. (*Id.*). In essence, Specialty Retailers is seeking a ruling from the court that it is entitled to reimbursement of

3

attorneys' fees and costs incurred in defending itself in this action. If that determination is made in Specialty Retailers' favor, it argues that the parties can proceed to litigate or negotiate the amount of reasonable attorneys' fees and costs to which it is entitled.

In our Memorandum of September 26, 2018, we relied upon *McClure v. Deerland Corp.*, 585 A.2d 19, 22 (Pa. Super. Ct. 1991), which set forth the substantive standard applicable in the context of pure indemnification claims. We have now reviewed *Williams v. Braden Drilling, LLC*, Civil Action No.: 3:11-cv-2342, 2014 WL 4828153 (M.D. Pa. Sept. 29, 2014), which was referenced in Specialty Retailers' brief in support of its motion for reconsideration.[1] In *Williams*, the court determined that a similar indemnification clause was enforceable without the case first being adjudicated or settled. Further, the court granted summary judgment in favor of the indemnitee and in doing so declared that the indemnitor must indemnify and pay to defend the indemnitee in the suit. *Williams,* 2014 WL 4828153, at * 6-7.

Upon further review, we agree that *Williams* more appropriately

---

[1] Specialty Retailers did not rely upon nor cite *Williams* in either its brief in support of its motion for summary judgment (Doc. 57) or its reply brief (Doc. 62).

states the substantive legal standard applicable to this case. There, *Williams* cites a four-prong standard established by the Third Circuit in order to enforce an indemnification clause.

> First, the clause must not contravene public policy. Second, the contract must relate solely to the private affairs of the contracting parties and not include a matter of public interest. Third, each party must be a free bargaining agent. In addition, an exculpatory or indemnity clause will not be enforced unless it is clear that the beneficiary of the clause is being relieved of liability only for his/her own acts of negligence. The clause must be construed strictly, and the contract must state the intention of the parties with the greatest particularity. Furthermore, any ambiguity must be construed against the party seeking immunity, and that party also has the burden of proving each of the prerequisites to enforcement.

*Williams*, 2014 WL 4828153, at *6; *Am. Stores Props., Inc. v. Spotts, Stevens & McCoy, Inc.,* 648 F. Supp. 2d 700, 706 (E.D. Pa. 2009) (citing *Valhal Corp. v. Sullivan Assoc.,* 44 F.3d 195, 202 (3d Cir.1995)).

Applying this standard to the facts of this case, we find that the indemnification clause does not contravene public policy. Second, the contract relates to the private affairs of the parties and does not include a matter of public interest. Third, defendant Maverick Companies, Inc., does not argue that it was not a free bargaining agent when entering

5

into the contract. Finally, we do not find the contract, and in particular, the indemnification clause, to be ambiguous even under a strict construction analysis against Specialty Retailers, as the party seeking indemnification.

Specialty Retailers relies upon the indemnification provisions that require Maverick to indemnify, defend or hold it harmless against any claims, causes of action, or expenses (including attorneys' fees and court costs) incurred by Specialty Retailers because of an injury to a plaintiff arising out of Maverick's alleged negligence. (Doc. 35-1, at 26). A review of the second amended complaint reflects that the plaintiff alleged several acts of negligence against Maverick. (Doc. 28 ¶ 25). Each one of the allegations of negligence would trigger the duty to defend in the indemnification provision. Black's Law Dictionary defines a *claim* as "a statement that something yet to be proved is true." *Black's Law Dictionary* 301 (10th ed. 2014). It defines a *cause of action* as "a group of operative facts giving rise to one or more bases for suing; a legal theory of a law suit." *Id*. at 266-67. It is beyond dispute that this suit falls within the meaning of a claim and a cause of action.

In our earlier Memorandum, we observed that Specialty Retailers relied "upon plaintiffs' allegations in the second amended complaint" in support of its contention that it came within the terms of the indemnification provisions in the agreement. (Doc. 63, at 9). It is undisputed that the Konikowski s alleged various acts of negligence by Maverick and its subcontractor. Those allegations triggered Maverick's duty to defend Specialty Retailers. Upon further review of Specialty Retailers' motion for summary judgment, we should have viewed this as coming within Maverick's duty to defend. Thus, we will grant Specialty Retailers' motion for reconsideration and its motion for summary judgment.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: May 3, 2019